UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVin C. ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-24-SNLJ |
| ) | |
| PAUL HOPKINS, in his official capacity ) | |
| As Medical Center Director, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Kevin Ellis brought this lawsuit against several individual employees of the John J. Pershing Veterans' Administration Medical Center ("VA") seeking money damages and to enjoin the VA from prospective discipline. Defendants moved to substitute the United States of America, the Secretary of the U.S. Department of Veterans Affairs, and the Department of Veterans Affairs as the proper defendants for plaintiff's statutory actions. This Court granted the motion. This matter is presently before the Court on plaintiff's motion for preliminary injunction [Doc. 6] and defendants' motion to dismiss [Doc. 11].

Plaintiff is a Union President and a Voluntary Services Assistant ("VSA") at the VA according to the defendants' memorandum [Doc. 17]. Plaintiff's pro se complaint states that his claims arise under the Federal Tort Claims Act, the Fourteenth Amendment to the United States Constitution, and Title VII of the Civil Rights Act of 1964. He

claims that the VA employees target him because of disclosures and representations related to unsafe work conditions. [Doc. 6 at 3.]

Defendants respond in opposition to the motion for preliminary injunction, and they urge this Court to dismiss the complaint for numerous reasons. The motion to dismiss will be discussed first.

**I.     Factual Background**

Plaintiff's complaint is difficult to follow. In the "Statement of Claim" section of his pro se complaint form, he states that on June 18, 2018, Dale Garrett called plaintiff into a meeting and told plaintiff he did not want plaintiff to be a part of "voluntary services" with the VA. Plaintiff alleges Garret "defamed" plaintiff by telling others that plaintiff was "the reason Violet Ferrell retired from federal service." [Doc. 1 at 5.] Two months after the June meeting, plaintiff alleges he received a proposal to terminate his employment. Plaintiff states the proposal was jointly drafted by numerous people and that receiving it caused him to seek medical attention and to be diagnosed with Major Depression and Anxiety Disorder. Plaintiff refers to individuals by name and a variety of vague allegations regarding their conduct. He states that On April 7, 2017, Patricia Hall sent a memorandum to Chandra Miller "launching an informal fact finding involving a some [*sic*] letter, that was allegedly sent by myself. To date, there has been Zero Proof that [plaintiff] sent any letter harassing a JoAnne Miller." [Doc. 1 at 7.] Then, on October 25, 2017, "Patrick Shea targeted my employment by initiating a Administrative [*sic*] Investigation Board (AIB) by appointing Timica Emerson," and that Shea did so

2

again in 2019 "by appointing Denise Levassur." [*Id.*] Plaintiff further complains that Robert Ritter "issued [plaintiff] the proposal to terminate my employment in violation of the federal law" on August 30 and September 5, 2018. Finally, plaintiff alleges that Lisa Edwards "targeted [plaintiff's] employment by making a false claim that [plaintiff] committed a privacy violated." [*Id.*]

Plaintiff claims that he has been damaged because, in addition to his psychiatric diagnoses, he now has "nightmares, bad dreams, anxiety disorders," and "was forced to purchase an emotional support dog to aid with [his] anxiety and depression." [*Id.*]

## II.   Motion to Dismiss [Doc. 11]

Plaintiff's pro se complaint states that his claims arise under the Federal Tort Claims Act, the Fourteenth Amendment to the United States Constitution, and Title VII of the Civil Rights Act of 1964. Defendant argues that plaintiff's complaint should be dismissed because the Civil Service Reform Act, 5 U.S.C. § 1101, et seq. ("CSRA") preempts it. Defendant also makes several independent arguments for dismissing plaintiff's FTCA, constitutional, and Title VII claims.

### A. Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to

dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC.*, 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

### B. Preemption by Civil Service Reform Act

"The CSRA established a comprehensive system for reviewing personnel action taken against federal employees." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012) (citations and quotations omitted). If the CSRA applies to a case, a plaintiff "may neither . . . supplement[] nor replace [ it] by other remedies." *Gergick v. Austin*, 997 F.2d 1237, 1239 (8th Cir. 1993). The CSRA applies to (1) federal employees who are "in the 'competitive service' and excepted service,'" *Elgin*, 567 U.S. at 5, where (2) "the conduct underlying the complaint can be challenged as 'prohibited personnel practices' within the

4

meaning of the CSRA." *Mango v. United States*, 529 F.3d 1243, 1247 (9th Cir. 2008). Such "prohibited personnel practices" are enumerated in 5 U.S.C. § 2302(b) and include "retaliation for whistleblowing…". 5 U.S.C. § 2302(b)(8).

As alleged in his complaint and suggested in related filings, plaintiff's case satisfies both prongs of the test. First, plaintiff appears to concede he is a covered employee in the competitive service. [Doc. 7-3 at 30.] Second, the facts he alleges relate to retaliation for whistleblowing, which is a "prohibited employment practice." 5 U.S.C. § 2302(b)(8). Ellis states in his memorandum in support of his motion for preliminary injunction that "[a]ll the agency's adverse actions stem from me making protected disclosures and representation[s]." [Doc. 6 at 5.] For example, plaintiff states that his disclosures in 2017 and 2018 to human resources and the Director of the Medical Center in Marion, Illinois about the Medical Center's Associate Director's alleged abuse of power "would be protected under the law, specifically, the laws concerning whistleblower." [Doc. 7 at 27.] He also alleges that he "filed several complaints with the Office Accountability of Whistleblower Protection (OAWP)." [Doc. 6 at 5.] Finally, he states that VA employees "targeted" him most recently "because of his disclosures and representation[s] related to unsafe working conditions," including "retaliat[ing] against [him] for reporting and representing employees due to unsafe working conditions." [Doc. 6 at 4.]

"[R]etaliation for whistleblowing activities is covered by the CSRA." *Weber v. Named Fed. Offs.*, 68 F.3d 479 (8th Cir. 1995) (affirming district court's grant of motion

5

to dismiss). Thus, this Court must dismiss plaintiff's complaint because the CSRA preempts his claims.

### C. Other arguments

Because plaintiff's claims are preempted by the CSRA, this Court need not address defendants' other arguments for dismissal. However, in the interests of justice, the Court will address them now.

First, defendant argues that plaintiff's Title VII and FTCA claims should be dismissed because plaintiff sued the wrong defendant. The defendants moved to substitute the proper defendants in this case [Doc. 14] and that motion was granted [Doc. 18]. That argument is thus moot.

Second, defendant argues that plaintiff's Title VII claim should be dismissed for failure to state a claim. Title VII makes it

> unlawful . . . for an employer to fail to hire or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's <u>race, color, religion, sex or national origin</u>.

*Bostock v. Clayton Cty.*, 140 S.Ct. 1731, 1739 (2020) (quoting 42 U.S.C. § 2000e-2(a)(1)) (emphasis added)). This means that a Title VII claim requires a plaintiff to allege that the improper conduct "was based on a protected characteristic under Title VII . . . ." *Al-Zubaidy v. TEK Industries, Inc.*, 406 F.3d 1030, 1038 (8th Cir. 2005). Plaintiff does not allege any discrimination based on a "protected characteristic." As a result, the Title VII claim fails for that independent reason, as well.

6

Third, defendant argues that plaintiff's FTCA claim should be dismissed because Title VII preempts it. The statute that waives the federal government's sovereign immunity for Title VII claims, 42 U.S.C. § 2000e-16, also "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Mathis v. Henderson*, 243 F.3d 446, 449 (8th Cir. 2001). As a result, an FTCA claim premised on employment discrimination claims "cannot be maintained because [it is] preempted by [a plaintiff's] Title VII claims against the" federal employer. *Id.* This Court thus lacks subject matter jurisdiction over plaintiff's FTCA claims. Even if plaintiff could maintain a FTCA claim here, a "claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . ." 28 U.S.C. § 2401(b). "Under the FTCA, a cause of action generally accrues when the plaintiff is injured, but might not accrue until the plaintiff knows or reasonably should know of both an injury's existence and its cause." *Flores v. United States*, 689 F.3d 894, 901 (8th Cir. 2012) (citations and quotations omitted). Plaintiff claims he was harmed in 2018, but plaintiff failed to present his claim until at least four years later. It is clear that the plaintiff's claim was not timely presented.

Fourth, defendant argues that plaintiff's apparent Fourteenth Amendment *Bivens*[1] claim should be dismissed because it is barred by the doctrine of sovereign immunity. Plaintiff contends that individuals "in their official capacity within the United States

---

[1] Although Ellis alleges a claim under the Fourteenth Amendment, it is the Fifth Amendment that allows suits under the *Bivens* doctrine against federal employees for violating constitutional rights. *Johnson v. Vilsack*, 833 F.3d 948, 959 (8th Cir. 2016).

7

Department of Veterans Affairs" violated his First Amendment rights by "targeting" him "because of his disclosures and representations related to unsafe working conditions." [Doc. 6 at 3.] However, this Court lacks subject matter jurisdiction over this claim because sovereign immunity applies. Claims against individuals "in their official capacity" are actually claims against the agency, and the doctrine of sovereign immunity bars such suits. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) ("It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity.").

IV.   **Conclusion**

Plaintiff's complaint thus fails for multiple reasons. The defendants' motion to dismiss will be granted, and the plaintiff's motion for preliminary injunction will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. 11] is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for preliminary injunction [Doc. 6] is DENIED as moot.

Dated this __6th__ day of June, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

8