# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KEVIN C. ELLIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-24-SNLJ |
| | ) | |
| PAUL HOPKINS, in his official capacity | ) | |
| As Medical Center Director, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Kevin Ellis brought this lawsuit against several individual employees of the John J. Pershing Veterans' Administration Medical Center ("VA") seeking money damages and to enjoin the VA from prospective discipline. This Court granted defendants' motion to dismiss on June 6, 2024 [Doc. 23]. Plaintiff has moved for reconsideration [Doc. 25]. That motion has been fully briefed.

"A motion for reconsideration serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence after a final judgment." *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) (citations and quotations omitted). Federal Rule of Civil Procedure 59(e), which covers motions for new trial or altering or amending a judgment, allows courts to correct "manifest errors of law or fact or to present newly discovered evidence." *Gilmer v. Zahnd*, 2023 WL 2496880, at *2 (E.D. Mo. Mar. 14, 2023) (citing *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Rule 60(b), which covers

motions for relief from a judgment or order, "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Id*. (quoting *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc*., 320 F.3d 809, 815 (8th Cir. 2003).

Plaintiff cites both Rules 59 and 60 and contends that this Court should reconsider its dismissal due to new evidence that was previously unavailable.  Plaintiff states that new evidence "reveals the plaintiff has exhausted his CRSA [Civil Service Reform Act, 5 U.S.C. § 1101, et seq.] avenues and the defendants do not have sovereign immunity." [Doc. 26 at 3.]  Plaintiff cites and attaches a United States Department of Labor Employees' Compensation Appeals Board ("ECAB") order dismissing his appeal.  The Board states that "as there is no final adverse decision issued by OWCP over which the Board may properly exercise jurisdiction, the Board concludes that the appeal…must be dismissed."

Plaintiff's claims in this case arose "under the Federal Tort Claims Act, the Fourteenth Amendment to the United States Constitution, and Title VII of the Civil Rights Act of 1964." [Doc. 23 at 1.] This Court dismissed the complaint because the CSRA preempts his claims. In addition, this Court dismissed the claims individually: the Title VII claim was dismissed because plaintiff did not allege discrimination based on a protected characteristic; the FTCA claim was dismissed because Title VII preempts it; and the Fifth/Fourteenth Amendment claim was dismissed for lack of subject matter jurisdiction "because sovereign immunity applies." [*Id.* at 8.]

Plaintiff offers the ECAB order and suggests that it proves he had exhausted his claims below. The ECAB's order denied Ellis's interlocutory challenge to the Office of Workers' Compensation Programs' ("OWCP") decision setting "aside a July 27, 2023 decision [concerning Ellis's Federal Employees' Compensation Act (FECA) claim], and remand[ing] the case for further development followed by a *de novo* decision." [Doc. 26-1 at 2.] In other words, ECAB wants a final adverse decision from the OWCP's hearing officer on Ellis's FECA claim before reviewing it. The Order is irrelevant to this case and provides no support for any motion to reconsider or any motion under Rules 59 or 60. Plaintiff's motion does not explain why this Court should reverse its decision either on the preemption issue or on the other reason for the claims' dismissals.

The motion will be denied.

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider [Doc. 25] is DENIED.

Dated this  6th  day of March, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE